| **Bey v Fowler** |
|:---:|
| 2025 NY Slip Op 34547(U) |
| December 11, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 507671/2023 |
| Judge: Francois A. Rivera |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 52 of the
Supreme Court of the State of
New York, held in and for the
County of Kings, at the
Courthouse, at Civic Center,
Brooklyn, New York, on the
31st day of July 2025

HONORABLE FRANCOIS A. RIVERA

-----------------------------------------------------------------------X
Gerald Sease Bey, As Administrator of the Estate of
ARTHURINE BUTLER,

                                                    **DECISION & ORDER**

                                    Plaintiff,
                                                    Index No.: 507671/2023

                        - against -
                                                    Oral Argument: 7/31/2025

ROBERT FOWLER, OLIVIA DOE,                          Cal. No.: 9
JOHN AND JANE DOE,

                                    Defendants.      Ms. Seq. No.: 3
-----------------------------------------------------------------------X

        Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of
motion filed on November 11, 2024, under motion sequence number three, by plaintiff for an order
pursuant to CPLR 1015, 1021, and 3215 substituting the plaintiff and then entering a default
judgment against the Defendant[1]. The motion is unopposed.

-Notice of motion
-Affirmation in support
Exhibits A-D
Exhibit (i) and (ii)[2]
-Affidavit in support

        The action was commenced by Gerald Sease Bey, As Administrator of the Estate of

Arthurine Butler against Robert Fowler, Olivia Doe, and John Doe and Jane Doe. Gerald Sease

Bey passed away and the Surrogate Court of the state of New York appointed Stephanie Sease-Bey

Administrator of the Estate of Arthurine Butler.

---

1 This is the exact language of the relief requested in the notice of motion.
2 Exhibits (i) and (ii) were annexed to the movant's papers. They were not referred to by anyone and their attachment
to the motion was unexplained.

[* 1]

The plaintiff's former counsel moved to substitute Stephanie Sease-Bey Administrator of the Estate of Arthurine Butler in the place of Gerald Sease Bey.

On May 25, 2025, the court granted the first branch of the plaintiff's motion substituting Stephanie Sease-Bey Administrator of the Estate of Arthurine Butler in the place of Gerald Sease Bey. The court adjourned the second branch of the motion seeking default judgment to July 31, 2025. Due to a number of ambiguities in the motion papers, the Court permitted the movant to supplement his motion papers by no later than June 12, 2025, to clarify the ambiguities. The movant did not submit a supplemental affirmation and left the ambiguities unexplained.

### Default Judgment

The movant also seeks leave to enter a default judgment in favor of the plaintiff, based on their failure to answer the verified complaint.

In the case at bar, the notice of motion seeks for a default judgment against the defendant, but does not explain which defendant this relief is sought against. Further, counsel's affirmation in support of the motion uses the words defendant and defendants interchangeably without explanation of whether it refers to the named defendants Robert Fowler, Olivia Doe, and/or John and Jane Doe. Counsel also avers in his affirmation that personal jurisdiction was obtained over Defendant Dewan Fowler, however, there is not defendant named Dewan Fowler in the instant action.

Additionally, the movant filed two affidavits of service of its process server, Kenric Lever (hereinafter Lever), to demonstrate service of the commencement papers filed under NYSCEF Doc. No. 2. The court notes that both affidavits of service are under the following caption: Gerald Sease Bey as the Administrator of the Estate of Arthurine Butler v. Dewar Fowler, et al., however, that is not the caption of the instant matter.

[* 2]

Examining the first affidavit of service, Lever filed only one affidavit to prove service on all defendants, wherein he alleged the following facts. On April 5th, 2023, at 11:36 AM, he served the summons with verified complaint on Robert Fowler, Olivia Doe, and John Doe and Jane Doe, by leaving a true copy of said paper with Jane Doe, a name not given, a person of suitable age and discretion at a certain address in Brooklyn.

Examining the second affidavit of service, Lever avers the same address of attempted service on the same date and time. The second affidavit of service is nearly identical to the first affidavit of service, with the following exception. The parties served in the second affidavit of service are Dewar Fowler, John Doe, and Jane Doe. The court notes that the named defendants in the commencement papers are Robert Fowler, Olivia Doe, and John and Jane Doe, and the affidavit of service inexplicably avers service on Dewar Fowler, John Doe and Jane Doe. Dewar Fowler is not named as defendant in the instant action. The determination to serve these individuals was perplexing and unexplained. There was no explanation for the difference between the two affidavits of service.

The court granted the movant leave to file a supplemental affirmation on or before June 12, 2025, to clarify the ambiguities I the motion papers. The movant did not file a supplemental affirmation and left the ambiguities unexplained. The notice of motion is, therefore, denied without prejudice.

**CONCLUSION**

The branch of the motion by movant Adam Kalish Esq. made on behalf of Stephanie Sease-Bey for an order pursuant to CPLR 3215 granting leave to enter a default judgment in the

[* 3]

plaintiff's favor is denied without prejudice. Should plaintiff move again seeking a similar relief,

the plaintiff should clarify the ambiguities and also attach a copy of the instant order to the motion.

The foregoing constitutes the decision and order of this Court.

ENTER:

J.S.C.

HON. FRANCOIS A. RIVERA